IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PYRO SPECTACULARS
NORTH, INC. et al.,

       Plaintiffs,                    No. CIV S-12-0299 KJM GGH

      v.

STEVEN SOUZA,

       Defendant.                <u>ORDER</u>

_____/

          On February 3, 2012, plaintiffs Pyro Spectaculars, Inc.; Pyro Spectaculars North, Inc.; and Pyro Events, Inc. ("PSI") filed the instant action against defendant, asserting claims for violation of the Computer Fraud and Abuse Act; violation of California Penal Code section 502; breach of contract; breach of loyalty; breach of the implied covenant of good faith and fair dealing; misappropriation of trade secrets; tortious interference with prospective economic relationship and economic advantage; unfair business practices; and conversion.  (Dkt. No. 2.) Among other contentions, PSI alleges that defendant, a former sales executive and employee of PSI, downloaded and transferred PSI's confidential documents and information prior to his resignation and is now using that information to solicit PSI's customers.  Also alleged is that defendant, after downloading certain information, caused his PSI computer to be "wiped" in

order to obscure what he might have downloaded.

Along with the complaint, PSI filed an ex parte application for leave to conduct expedited discovery. (Dkt. No. 3.) PSI states that although its computer forensics expert was able to verify names of some of the files that were transferred, he was unable to verify the exact details of those files. PSI also does not know whether defendant has disclosed the allegedly misappropriated information to his new employer or other third parties. PSI asserts that "[i]n the absence of leave to pursue immediate discovery, Defendant's dissemination of PSI's confidential information may continue unabated, crucial evidence will likely be destroyed, and Defendant will continue utilizing PSI's valuable, confidential work in direct competition with PSI." (Dkt. No. 3 at 3.) PSI contends that expedited discovery is needed to fully consider the necessity of a motion for a temporary restraining order or preliminary injunction.

In light of the above, IT IS HEREBY ORDERED THAT:

1. PSI's ex parte application for leave to conduct expedited discovery (dkt. no. 3) is set for hearing on Tuesday, February 7 at 10:00 a.m. in Courtroom 9 before the undersigned.

2. PSI's counsel shall immediately serve the complaint and ex parte application on defendant and defendant's counsel, and shall also telephonically notify them of the date, time, and place of the scheduled hearing.

3. Defendant shall not destroy/delete in any fashion, or permit anyone associated with him, to destroy/delete information, and shall preserve all documents and information in his actual or constructive possession, related to PSI, defendant's business, and the claims involved in this litigation. "Information" includes, of course, information electronically stored in whatever fashion.

4. PSI shall immediately serve a copy of this order on defendant and defendant's counsel.

\\\\\

\\\\\

       5. A violation of the document preservation provisions of this order may subject defendant, or those acting in concert with him, to contempt of court sanctions in addition to any default sanctions which might be appropriate, or other sanctions.

DATED: February 6, 2012

                                 /s/ Gregory G. Hollows  
                            UNITED STATES MAGISTRATE JUDGE

GGH/wvr  
Pyro.299.exp.disc.hrg.wpd