1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PYRO SPECTACULARS
     NORTH, INC. et al.,

11

12            Plaintiffs,                    No. CIV S-12-0299 GGH

13        v.

14   STEVEN SOUZA,

15            Defendant.              ORDER

16   _____/

17        This action was recently filed on February 3, 2012.  (Dkt. No. 2.)  Presently

18   pending before the court is plaintiffs Pyro Spectaculars, Inc.; Pyro Spectaculars North, Inc.; and

19   Pyro Events, Inc.'s ("PSI") ex parte application for leave to conduct expedited discovery, filed on

20   the same day as PSI's complaint.  (Dkt. No. 3.)  By order dated February 6, 2012, the court

21   specially set a hearing on the ex parte application for February 7, 2012; ordered PSI to

22   immediately serve the complaint, ex parte application, and the court's order on defendant; and

23   ordered defendant to abide by the document preservation provisions outlined in that order.  (Dkt.

24   No. 7.)  Furthermore, by minute order dated February 6, 2012, the district judge referred the case

25   to the undersigned for all scheduling purposes.  (Dkt. No. 9.)

26   \\\\\

1

1    At the hearing on PSI's ex parte application, Jennifer Holly appeared on behalf of

2    PSI and Heather Messenger appeared on behalf of defendant.  Thus, the hearing was no longer ex

3    parte.  All parties consented on the record to the jurisdiction of the undersigned pursuant to 28

4    U.S.C. § 636(c) and signed the appropriate consent forms.  (Dkt. Nos. 12, 13.)  After considering

5    the court's record in this matter and the oral arguments by counsel, the court now issues the

6    following order regarding preliminary scheduling and expedited discovery.  This order

7    supersedes any schedule setting or other matter which may have been tentatively set or discussed

8    at hearing insofar as there is any inconsistency.

9    BACKGROUND

10    On February 3, 2012, PSI filed the instant action against defendant, asserting

11    claims for violation of the Computer Fraud and Abuse Act; violation of California Penal Code

12    section 502; breach of contract; breach of loyalty; breach of the implied covenant of good faith

13    and fair dealing; misappropriation of trade secrets; tortious interference with prospective

14    economic relationship and economic advantage; unfair business practices; and conversion.  (Dkt.

15    No. 2.)

16    PSI alleges that defendant, a former sales executive and employee of PSI,

17    downloaded and transferred PSI's confidential documents and information prior to his

18    resignation and is now using that proprietary information to solicit PSI's customers in his new

19    position as Vice President of the West Coast Region for current employer J&M Displays West

20    ("J&M").  Also alleged is that defendant, after downloading certain information, caused his PSI

21    computer to be "wiped" in order to obscure what he might have downloaded.  Furthermore, PSI

22    contends that defendant's wife, Sherry Souza, called PSI's phone service provider (AT&T) and

23    transferred defendant's PSI-assigned office voice and facsimile lines to defendant's personal

24    numbers.  Although PSI eventually succeeded in having the office voice line transferred back to

25    PSI, PSI was unable to regain possession of the facsimile line, and defendant allegedly continues

26    to intercept facsimile communications intended for PSI.

1    As to the allegedly downloaded information, PSI states that its computer forensics

2    expert, Mr. Don Vilfer, was able to verify names of some of the files that were transferred, which

3    included files regarding PSI's customers and projects.  However, he was unable to verify the

4    exact details of those files, and PSI also does not know whether defendant has disclosed the

5    allegedly misappropriated information to his new employer or other third parties.  Nonetheless,

6    according to PSI, it was informed by numerous customers that defendant had sent solicitation

7    letters and/or financial proposals to them, and some of the customers indicated that they would

8    no longer be using PSI's services.

9    PSI asserts that "[i]n the absence of leave to pursue immediate discovery,

10   Defendant's dissemination of PSI's confidential information may continue unabated, crucial

11   evidence will likely be destroyed, and Defendant will continue utilizing PSI's valuable,

12   confidential work in direct competition with PSI."  (Dkt. No. 3 at 3.)  PSI contends that

13   expedited discovery is needed to fully consider the necessity of a motion for a preliminary

14   injunction.

15   <u>DISCUSSION</u>

16   At hearing, the court and the parties extensively discussed preliminary scheduling

17   of the case and the contours of expedited discovery to be conducted in anticipation of a potential

18   motion for a preliminary injunction.  The court's findings and orders with respect to these issues

19   are outlined below.

20   Service of Process

21   The parties indicated that service of process on defendant has been completed.

22   Accordingly, no further service is permitted except with leave of court, good cause having been

23   shown.

24   Joinder of Parties/Amendments

25   The parties do not currently anticipate joinder of any additional parties.

26   Therefore, no further joinder of parties or amendment to pleadings is permitted except with leave

3

1   of court, good cause having been shown.

2          Responsive Pleadings/Motions

3          If defendant elects to answer PSI's complaint, the answer shall be filed and served

4   no later than **March 15, 2012.**  If defendant instead opts to file a motion to dismiss PSI's

5   complaint, such a motion shall be noticed for hearing on **March 15, 2012 at 1:30 p.m.** in

6   Courtroom 9 before the undersigned.  The briefing deadlines pursuant to E.D. Cal. L.R. 230 shall

7   be computed based on that hearing date.

8          Motions for Preliminary Injunction

9          PSI indicated that it may file a motion for preliminary injunction.  Any motion for

10  preliminary injunction shall be filed no later than **March 1, 2012** and noticed for hearing on

11  **March 15, 2012 at 1:30 p.m.** in Courtroom 9 before the undersigned.  Any opposition shall be

12  filed by **March 8, 2012** and any reply by **March 12, 2012**.

13         Protective Order

14         The parties have indicated their willingness to stipulate to an appropriate

15  protective order in this matter.  Because the parties anticipate that some of the responses and

16  document production in discovery may contain confidential information of defendant's new

17  employer, J&M, the parties agreed that it would be prudent to have J&M's counsel stipulate to

18  and sign any proposed protective order.  Accordingly, PSI's counsel shall prepare the initial draft

19  of an appropriate protective order, whereupon the parties and J&M shall confer and jointly

20  submit a stipulated protective order for the court's signature within three (3) days of this order.

21         The parties are reminded that the substantive standards set forth by the Ninth

22  Circuit for filing documents under seal are found in Pintos v. Pacific Creditors Ass'n., 605 F.3d

23  665, 678 (9th Cir. 2010) and Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir.

24  2002).  Procedurally, the parties must comply with E.D. Cal. L.R. 141 and 141.1 regarding the

25  sealing of documents.  Any confidential material filed with the court, sealed or otherwise, will

26  not be returned at the conclusion of the litigation.

1      <u>Expedited Discovery</u>

2      Generally, Rule 26(d) of the Federal Rules of Civil Procedure provides that "[a]

3  party may not seek discovery from any source before the parties have conferred as required by

4  Rule 26(f), except ... when authorized by these rules, by stipulation, or *by court order*." Fed. R.

5  Civ. P. 26(d) (emphasis added).  Courts apply a "good cause" standard in considering motions to

6  expedite discovery. <u>Semitool, Inc. v. Tokyo Electron Am., Inc.</u>, 208 F.R.D. 273, 276 (N.D. Cal.

7  2002).  "Good cause may be found where the need for expedited discovery, in consideration of

8  the administration of justice, outweighs the prejudice to the responding party." <u>Id.</u>  Good cause

9  for expedited discovery is frequently found in cases involving claims of infringement and unfair

10 competition or in cases where the plaintiff seeks a preliminary injunction. <u>Id.</u>; <u>Pod-Ners, LLC v.</u>

11 <u>N. Feed & Bean of Lucerne Ltd. Liability Co.</u>, 204 F.R.D. 675, 676 (D. Colo. 2002).  However,

12 "[e]xpedited discovery may be inappropriate where defendants are required to unwarily

13 incriminate themselves before they have a chance to review the facts of the case and to retain

14 counsel." <u>Pod-Ners, LLC</u>, 204 F.R.D. at 676 (citations omitted).

15     Here, in connection with its application, PSI has submitted various proposed

16 expedited discovery requests, including a proposed deposition notice with document requests to

17 defendant, further proposed document requests to defendant, proposed requests for admission to

18 defendant, proposed interrogatories to defendant, a proposed Iowa deposition subpoena to J&M's

19 person most knowledgeable with document requests, a proposed Iowa deposition subpoena to

20 Mark Johnson from J&M with document requests, and a proposed deposition subpoena to

21 defendant's wife, Sherry Souza, with document requests.  (Dkt. No. 10, ¶¶ 9-15, Exs. E-K.)  The

22 court finds that the breadth of discovery requested on an expedited basis in this case, including

23 requests for out-of-state depositions, early requests for admission, and other voluminous written

24 discovery, is unwarranted, especially in light of the fact that defendant was only recently served

25 with process and only recently retained counsel.  Much of the proposed expedited discovery is

26 more appropriately conducted in the normal course of discovery.

However, the court concludes that good cause exists to permit limited expedited discovery tailored to a potential motion for preliminary injunction.  Such discovery would be focused on any confidential and proprietary information allegedly misappropriated and whether PSI stands to suffer irreparable harm as a result of defendant's alleged misconduct.[1]  The limited expedited discovery, as outlined below, will not unduly prejudice defendant, given that he is already represented by counsel.  Indeed, defendant's counsel has also requested limited expedited discovery in order to oppose a potential motion for preliminary injunction.

In light of the above, the court will grant PSI's application in part and permit the following limited expedited discovery prior to March 15, 2012:

*Forensic Examination of Computers and Other Electronic Storage Media*

All of defendant's and defendant's wife's computers and other electronic storage media (including, without limitation, external hard drives, thumb drives, Iphones, Blackberrys, etc.), which are in their actual or constructive possession will be subject to forensic examination by PSI's computer forensics expert, Mr. Don Vilfer.  On **Tuesday, February 14, 2012 at 10:00 a.m.** (or at any earlier date and time agreed upon by the parties and Mr. Vilfer), all such devices shall be made available to Mr.Vilfer at defendant's counsel's office.  Production of these devices will be subject to the terms of an appropriate stipulated protective order (as discussed above). On the above-mentioned date, Mr. Vilfer shall take a mirror image of each of these devices and provide copies to counsel for each party at the earliest possible time.  Mr. Vilfer may, of course, retain a copy(s) for his forensic examination.

On the same day the devices are made available to Mr. Vilfer, defendant shall file a declaration stating that all applicable devices were turned over and made available to Mr. Vilfer pursuant to the court's order and that there are no other applicable electronic storage media in their possession, custody, or control.  In lieu of making a particular device available to Mr.

---

[1]This limitation is itself rather broad, but is further limited in the discovery devices which may be utilized.

1   Vilfer, defendant may file a declaration stating under penalty of perjury that a particular,

2   identified device(s) does not contain any information related to PSI[2] or any other pyrotechnics

3   business information.

4            Mr. Vilfer, in consultation with PSI's counsel, shall then review the mirror images

5   off-site for information relevant to this litigation.  No later than **February 21, 2012**, PSI's

6   counsel shall provide defendant's counsel with an itemized list of documents or other

7   information initially identified by Mr. Vilfer deemed to be relevant to the litigation, and serve

8   copies of this listing on defendant's counsel.  The listing shall be accompanied by a

9   comprehensive electronic copy of the information/documents which is organized in the same

10  manner as the listing.  By **February 28, 2012**, defendant's counsel shall then specifically

11  designate any of the itemized documents or other information obtained from the mirror images

12  that are claimed to be privileged, and shall notify PSI's counsel of such designation.  Defendant's

13  and plaintiff's counsel may also make any other appropriate "confidential" designations pursuant

14  to the stipulated protective order.  The parties may mutually agree, without court approval, to

15  modify the deadlines to provide the itemized list and copies of relevant documents and

16  designations of privilege, provided that these modifications do not affect any hearing or briefing

17  deadlines imposed by the court.

18                    *Depositions and Accompanying Document Requests*

19            PSI will be permitted to take the depositions of defendant and his wife on any

20  dates in February mutually agreed upon by counsel.  Deposition notices and/or subpoenas shall

21  be served within seven (7) days of this order.  These depositions shall be limited to basic

22  background information regarding the deponent and questioning regarding the alleged

23  misappropriation of PSI's confidential and proprietary information, as well as any use of such

24  information to solicit PSI's customers, vendors, operators, and others with whom PSI does

25

26          [2]This includes, without limitation, PSI customers, vendors, pyrotechnic operators,
    surveys, contracts, plans, budgets, pricing, etc.

1  business.  Specifically, defendant and his wife may also be questioned regarding their

2  involvement with the transfer of any PSI-assigned office voice and facsimile lines.  Additionally,

3  the deposition notices and/or subpoenas may be accompanied by document requests seeking

4  paper documents in the deponent's possession, custody, or control regarding any agreements

5  consummated by defendant for PSI or J&M, or any proposals for agreements communicated to a

6  third party on behalf of PSI or J&M, from 2009 to the present.

7         Defendant will be permitted to take the Fed. R. Civ. P. 30(b)(6) deposition of

8  PSI's person most knowledgeable limited to categories of information reasonably necessary to

9  oppose a potential preliminary injunction motion by PSI, such as the existence of irreparable

10  harm, the proprietary nature of the allegedly misappropriated information, efforts by PSI to

11  safeguard the allegedly misappropriated information, etc.  The deposition shall take place on a

12  date in February mutually agreed upon by counsel, and the deposition notice shall be served

13  within seven (7) days of this order.

14         These depositions will not count towards the 10-deposition limit imposed by Fed.

15  R. Civ. P. 30, and counsel will be permitted to further depose these individuals in the regular

16  course of discovery.

17         <u>Other Discovery Issues</u>

18         Other than the expedited discovery specifically authorized above, no further

19  discovery will be permitted until after a scheduling conference has taken place.

20         To the extent any ESI is encrypted, the producing party will use its best efforts to

21  assist with decryption of the ESI.  With respect to electronically stored information ("ESI"), all

22  ESI provided in response to discovery requests shall be provided in its native format.  The ESI to

23  be given to Mr. Vilfer as discussed above shall not be modified in any fashion prior to his being

24  able to make a mirror image except as necessary to *add* new information in the short interim.

25         Given the short timeline for the expedited discovery, counsel will be expected to

26  cooperate with respect to scheduling, grant reasonable extensions of time where appropriate, and

8

1   use best efforts to resolve any disputes informally.  Unnecessary discovery motions will be

2   looked on with disfavor by the court and may result in the imposition of sanctions.

3   <u>Scheduling Conference</u>

4   A status/scheduling conference in this matter is set for **March 15, 2012 at 1:30**

5   **p.m.** in courtroom 9 before the undersigned.  The parties shall file a joint status report no later

6   than 7 days prior to the scheduling conference, i.e. by **March 8, 2012**.  The joint status report

7   shall briefly describe the case and address:

8   (a) Jurisdiction and venue;

9   (b) Anticipated motions and their scheduling;

10  (c) The report required by Rule 26 outlining the proposed discovery plan and its

11  scheduling, including initial disclosures and disclosure of expert witnesses;

12  (d) Cut-off dates for discovery and law and motion, and dates for the

13  pretrial conference and trial;

14  (e) Special procedures, if any;

15  (f) Estimated trial time;

16  (g) Modification of standard pretrial procedures due to the simplicity or

17  complexity of the proceedings;

18  (h) Whether a case is related to any other case, including bankruptcy;

19  (i) Whether a settlement conference should be scheduled;

20  (j) Any other matters that may add to the just and expeditious disposition of

21  this matter.

22  After the status conference, the court will issue a scheduling order pursuant to

23  Fed. R. Civ. P. 16(b).

24  \\\\\

25  \\\\\

26  \\\\\

9

CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT:

1.   No further service, joinder of parties, or amendment to pleadings is permitted except with leave of court, good cause having been shown.

2.   If defendant elects to answer PSI's complaint, the answer shall be filed and served no later than **March 15, 2012.**  If defendant instead opts to file a motion to dismiss PSI's complaint, such a motion shall be noticed for hearing on **March 15, 2012 at 1:30 p.m.** in Courtroom 9 before the undersigned.  The briefing deadlines pursuant to E.D. Cal. L.R. 230 shall be computed based on that hearing date.

3.   Any motion for preliminary injunction shall be filed no later than **March 1, 2012** and noticed for hearing on **March 15, 2012 at 1:30 p.m.** in Courtroom 9 before the undersigned.  Any opposition shall be filed by **March 8, 2012** and any reply by **March 12, 2012**.

4.   PSI's counsel shall prepare the initial draft of an appropriate protective order, whereupon the parties and J&M shall confer and jointly submit a stipulated protective order for the court's signature within three (3) days of this order.

5.   PSI's application for leave to conduct expedited discovery (dkt. no. 3) is granted in part.  The parties will be allowed to take limited expedited discovery according to the terms outlined in this order.  No further discovery will be permitted until after a scheduling conference has taken place.

6.   A status/scheduling conference in this matter is set for **March 15, 2012 at 1:30 p.m.** in courtroom 9 before the undersigned.  The parties shall file a joint status report in accordance with this order no later than 7 days prior to the scheduling conference, i.e. by **March 8, 2012**.

 DATED: February 8, 2012

                                         /s/ Gregory G. Hollows
                                        UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Pyro.299.exp.disc.wpd