KURT A. KAPPES – SBN 146384
kappesk@gtlaw.com
JENNIFER M. HOLLY – SBN 263705
hollyj@gtlaw.com
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA  95814-3938
Telephone:  (916) 442-1111
Facsimile:  (916) 448-1709

Attorneys for Plaintiffs
Pyro Spectaculars, Inc.; Pyro Spectaculars
North, Inc.; and Pyro Events, Inc.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| PYRO SPECTACULARS, INC.; PYRO SPECTACULARS NORTH, INC.; and PYRO EVENTS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN SOUZA,<br><br>Defendant. | CASE NO.  2:12-CV-00299-GGH<br><br>**STIPULATED PROTECTIVE ORDER** |

---

[1] In order to alleviate confusion, because this is a consent case, only the initials of the undersigned should appear in the case caption

1.  IT IS HEREBY STIPULATED AND AGREED by and between the undersigned Counsel of record for the parties in the above-entitled action that:

1. The preparation and trial of this action may require the discovery or disclosure of documents, information or other material claimed by one or more of the parties to this action or others to be trade secrets and/or confidential business and proprietary material for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

2. Preparation and trial of this action may require the discovery or disclosure of documents, information or other material claimed by one or more of the parties to this action or others to be privileged communications, or material protected under California state law, of a very private nature including personal banking, financial information, medical and psychiatric information, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

3. In order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and serve the ends of justice, a protective order for such information is prudent and necessary.

4. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords extends only to the limited information or items that are entitled under applicable legal principles to treatment as confidential, trade secret or proprietary.

5. In the event that disputes arise between the parties with regard to the terms or operation of this protective order, the parties will meet and confer in a good faith to attempt to resolve the dispute. In the event that the parties cannot in good faith resolve any such disputes, the parties agree to submit such disputes to the Court for resolution.

## **DEFINITIONS**

6. The term "Material" shall include, but shall not be limited to: documents; tangible things; correspondence; memoranda; bulletins; blueprints; computers; USB drives; electronic storage devices; computer software, including source code, object code, and related files, elements, and objects; specifications; customer lists or other Material that identify customers or

1 potential customers; price lists or schedules or other matter identifying pricing; proposals; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; compilations from which information can be obtained and translated into reasonably usable form through detection devices; notes; reports; instructions; disclosures; other writings; drawings, pictures, images, diagrams, plot plans, scripts, permits, permit applications, certificates, proposals, bids, models and prototypes and other physical objects; and personal privacy information of third parties.

7. The term "Confidential Information" shall mean and include information (regardless of how generated, stored, maintained or produced) contained or disclosed in any Material, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any Party to which it belongs under standards developed under F. R. Civ. P. 26(c).

8. The term "Highly Confidential Information" shall mean extremely sensitive "Confidential Information" or items, including but not limited to trade secret information, whose disclosure to another Party or nonparty would create a substantial risk of serious damage that could not be avoided by less restrictive means.

9. The term "Protected Material" shall mean any Material that is designated as "Confidential Information" or "Highly Confidential Information."

10. The term "Counsel" (without qualifier) shall mean Outside Counsel, House Counsel, as well as their support staff members, vendors or consultants retained for this litigation.

11. The term "Outside Counsel" shall mean attorneys who are not employees of a Party but who are retained to represent or advise a Party in the Action (as well as their support staff members, vendors or consultants retained for this litigation).

12. The term "House Counsel" shall mean attorneys who are employees of a Party, as well as their support staff members, vendors or consultants retained for this litigation.

13. The term "Party" (or Parties) shall mean any Party to the Action, including its officers, directors, employees, consultants, retained Experts, and Outside Counsel and their support staff members, or vendors retained for this litigation.

14. The term "Designating Party" shall mean a Party or non-party that designates as "Protected Material" any Material that it produces or discloses in discovery or settlement activities in the Action .

15. The term "Producing Party" shall mean a Party or non-party that produces Material in the Action.

16. The term "Receiving Party" shall mean a Party that receives Material from a Producing Party in the Action.

17. The term "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action and who is not an employee of a Party or of a direct competitor of a Party or a managing agent of a manufacturer, assembler or designer of ophthalmic imaging systems or designs, and who, at the time of retention, is not anticipated to become an employee of a Party or of a direct competitor of a Party during the litigation. This definition includes professional jury consultants, trial consultants or mock jurors and officials, retained in connection with the Action.

### Scope

18. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, as well as testimony, conversations, communications, pleadings, briefs, petitions, or presentations by parties or Counsel to or in court or in other settings that might reveal Protected Material.

### Duration

19. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**Designation and Disclosure of Protected Material**

20.  Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific Material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of Material that qualify - so that other portions of the Material for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g*., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

21.  Manner of Designations.  Each Party to this litigation that produces or discloses any non-public Material, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the Producing Party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION," or some reasonable derivation of such words intended to have equivalent meaning.  Except as otherwise provided in this Order, a Producing Party must clearly designate Material that it deems to be Protected Material before the Material is disclosed or produced.

   a.  Designation as "CONFIDENTIAL INFORMATION": Any Party may designate information as "CONFIDENTIAL INFORMATION" only if, in the reasonable and good faith belief of such Party and its Counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such Party or disclose personal privacy information of third parties.

   b.  Designation as "HIGHLY CONFIDENTIAL INFORMATION":  Any

Party may designate information as "HIGHLY CONFIDENTIAL INFORMATION" only if, in the reasonable and good faith belief of such Party and its Counsel, the information is among that considered to be most sensitive by the Party, including but not limited to trade secret information, the unrestricted disclosure of such information would create a substantial risk of serious damage that could not be avoided by less restrictive means.

    c. Designation in conformity with this Order requires, for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" on each page that contains Protected Material.  For information produced in some form other than documentary, and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL INFORMATION" or as "HIGHLY CONFIDENTIAL INFORMATION."

  22. In the event the Producing Party elects to produce Material for inspection, no marking need be made by the Producing Party in advance of the initial inspection.  For purposes of the initial inspection, all Material produced shall be considered as "Highly Confidential Information," and shall be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Material for copying by the inspecting Party, the Producing Party shall, within a reasonable time prior to producing those Material to the inspecting Party, mark the copies of those Material that contain Protected Material with the appropriate confidentiality marking.

  23. Protected Material shall not be disclosed by the Receiving Party to anyone other than those persons designated herein, shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

     24.    Protected Material shall be used only for purposes of this Action and not for any business, competitive, governmental, or other purpose or function whatsoever, and shall not be given, shown, made available, communicated, or disclosed in any way to anyone except where it is necessary that such Material be given or shown for purposes of this Action, and then, only as set forth herein.

     a.    Material designated "CONFIDENTIAL INFORMATION" shall not be disclosed or made available in any way, in whole or in part, to anyone other than the following: (i) the Parties' Outside Counsel of record in this Action (including such Counsel's regular and temporary employees who it is deemed necessary that the Material be shown for purposes of this Action); (ii) the named Parties; (iii) the Parties' House Counsel, their paralegals and administrative assistants; (iv) independent contractors and vendors retained by the Parties and/or their Counsel for purposes of this Action including: bona fide outside Experts, vendors for copy services, graphics, jury-consulting, and/or trial-consulting services whom it is deemed necessary that the Material be shown for purposes of this Action; (v) potential witnesses identified by the Parties, including but not limited to deponents at depositions, hearings, or other proceedings; (vi) court reporters and videographers employed in connection with this Action; and (vii) the Court and any of its employees; (viii) jury members selected for trial in this Action.

     b.    Material designated "HIGHLY CONFIDENTIAL INFORMATION" shall not be disclosed or made available in any way, in whole or in part, to anyone other than the following: (i) the Parties' Outside Counsel of record in this Action (including such Counsel's regular and temporary employees who it is deemed necessary that the Material be shown for purposes of this Action); (ii) independent contractors and vendors retained by the Parties and/or their Counsel for purposes of this Action including: bona fide outside Experts, vendors for copy services, graphics, jury-consulting, and/or trial-consulting services whom it is deemed necessary that the Material be shown for purposes of this Action; (iii) potential witnesses identified by the Parties, including but not limited to deponents at depositions, hearings, or other proceedings; (iv) court reporters and videographers employed in connection with this Action; and (v) the Court and any of its employees; (vi) jury members selected for trial in this Action.

25. All Protected Material shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this Action. Counsel for each Party, and each person receiving Protected Material shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Protected Material is disclosed to any person other than a person authorized by this Order, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other Parties and, without prejudice to any rights and remedies of the other Parties, make every effort to prevent further disclosure by the Party and by the person(s) receiving the unauthorized disclosure.

26. The designation by any person of Protected Material under the terms of this Order shall constitute a representation that such Material has been reviewed by an attorney (or paralegal or other professional acting under such attorney direction) and that there is a good-faith basis for such designation.

27. Before any Protected Material may be disclosed as set forth herein, the disclosing Party shall provide each such person with a copy of this Order and Exhibit A, annexed hereto, for their review and execution.  The disclosing Party shall maintain a copy of each executed version of Exhibit A and maintain it with the Protected Material in their possession that is produced in this Action.  In the event a deponent will not execute Exhibit A, the deponent shall be reminded on the record of the confidentiality of such documents, the obligation to keep such information confidential, and the potential consequences of disseminating such information to the public.

28. No Party, other than the Designating Party, shall disclose or disseminate any Protected Material produced by another Party pursuant to this Order to its Experts until the Experts have executed a declaration in the form attached as Exhibit A.  If any such declaration is signed by a designated Expert, that declaration shall be placed in the Expert's file, and provided upon request by the Party whose Protected Material were reviewed by the Expert.  Original declarations signed by Experts not designated shall be maintained by the Party consulting such Expert and shall be submitted to the Court for in camera review on request by the Court or by court order after the motion of any Party for such a review, based on a showing of good cause,

for an alleged breach of the Order.

29.   The restrictions and obligations set forth herein shall not apply to any information that: (a) the Parties agree should not be designated Protected Material; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the Receiving Party's legitimate knowledge independently of the production by the Designating Party.  Prior knowledge must be established by preproduction documentation.

30.   The restrictions and obligations herein shall not be deemed to prohibit discussions of any Protected Material with anyone if that person already has or obtains legitimate possession thereof.

### Use Of Protected Material In Depositions

31.   Whenever a deposition taken on behalf of any Party involves a disclosure of Protected Material of any Party:

a. said deposition or portions thereof shall be designated as containing Protected Material subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a Party may designate portions of depositions as containing Protected Material after transcription of the proceedings; a Party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other Party or parties to the action of the portions of the transcript designated as Protected Material;

b. the disclosing Party shall have the right to exclude from attendance at said deposition, during such time as the Protected Material is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 24; and

c. the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION," as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to

this Order, and protected from being opened except by order of this Court.

## Access To Protected Material

32.   All Parties shall make all reasonable efforts to ensure that no Protected Material, and no copies, extracts, compilations, or summaries thereof are made available in any manner, in whole or in part, to anyone other than those designated persons set forth in this Order as persons properly having access thereto.

33.   Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order.  Nothing in this Protective Order shall be deemed to restrict in any way any Producing Party with respect to the use of its own Protected Material.

34.   With respect to Protected Material, any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

## Disclosure of Protected Material To Persons Not Provided For In This Order

35.   Any Party may request at any time permission to disclose Protected Material to a person other than those permitted as set forth in this Order by serving a written request upon the designating person or its Counsel identifying the Material it wishes to disclose, to whom, and the reasons for disclosure.  The designating person or its Counsel shall respond to the request in writing within five (5) business days and, if consent is being withheld, shall state the reasons why consent is being withheld.  A failure to respond within such time shall constitute consent to the request.  If, where consent has been withheld, a Party and the Designating Party are subsequently unable to agree on the terms and conditions of disclosure, disclosure may be made only on such terms as the Court may provide upon motion of the Requesting Party.  The Party seeking to disclose such Protected Material to a person other than those permitted as set forth in this Order shall have the burden of proof to demonstrate to the Court the grounds for such disclosure.

## Filing Under Seal

36.   All pleadings and other filings in the Court in connection with discovery motions or proceedings which incorporate or disclose the substance of Protected Material shall be preceded by an appropriate motion or application that requests the entry of an order sealing the

Material designated "CONFIDENTIAL."

37. No Party will file any pleadings or filings in the Court which incorporate or disclose the substance of Protected Material under seal unless that Party can conform to the substantive standards set forth by the Ninth Circuit for filing documents under seal as found in *Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 678 (9th Cir. 2010) and *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). The Parties will also comply with the procedural requirements of E.D. Cal. L.R. 141 and 141.1 regarding the sealing of documents. The Party or person filing any pleadings or filings in the Court which incorporate or disclose the substance of Protected Material that the Party or person wishes to file under seal shall comply in good faith with the procedures for filing records under seal in order to obtain court approval for filing such Material under seal.

38. Should a sealing order be issued, the filed documents shall remain under seal until such time as the Court orders otherwise. If a sealing order is not issued, the Parties agree to abide by this Order, and will not contend that those records are no longer governed by this Order.

### Objections To Designation Of Material

39. At any stage of these proceedings, any Party may object to a designation of the Material as Protected Material. The Party objecting to confidentiality shall notify, in writing, Counsel for the Designating Party of the objected-to Material and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of objections, the objecting Party may move the Court for a ruling on the objection. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The Material at issue shall be treated as Protected Material, as designated by the Designating Party, until the Court has ruled on the objection or the matter has been otherwise resolved. In ruling upon the objection, the Court may consider, among any other considerations it deems relevant, (a) the legitimacy of the Designating Party's claim that the information is Protected Material, (b) the risk to the Designating Party that the

information can be misused or disclosed to the public or to the wrong parties if not designated as Protected Material, (c) the inconvenience or prejudice to the objecting Party if the information is treated as Protected Material, (d) whether the information has been disclosed prior to the entry of this Order by the Designating Party either knowingly or in any manner that makes it unreasonable for the Designating Party to claim it as Protected Material, (e) the inconvenience to the court if the information is treated as Protected Material, and (f) the interests of the public.

40. This Order shall be without prejudice to the right of any Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Protected Material. The existence of this Order shall not be used by either Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

### No Waiver Of Privilege

41. Nothing herein shall prejudice the right of any Party to object to the production of any discovery Material on the grounds that the Material is protected as privileged or as attorney work product. The inadvertent production of any privileged Material shall not be deemed a waiver or impairment of any claim of privilege with respect to that Material including, but not limited to, the attorney-client privilege and/or work product doctrine.  Any Party or its Counsel recognizing that he/she/it has obtained Material containing in whole or in part information protected by the attorney-client privilege and/or work product doctrine that appears to have been inadvertently disclosed shall not read or review the privileged Material but shall immediately return the Material to the Producing Party.  Within ten (10) calendar days of receiving written notice from a person or Party who represents that he/she/it has inadvertently produced any privileged Material, the recipient(s) of such request shall return the original and all copies of such inadvertently produced privileged Material within her/her/its possession, custody or control.

### Re-designation Of Material

42. Each Designating Party may re-designate any Material that it has previously produced; provided, however, that such re-designation shall be effective only as of the date of such re-designation.  Such re-designation shall be accomplished by notifying all parties in writing of such re-designation.  The Receiving Party must treat the Material as Protected Material, once

the Designating Party so notifies the Receiving Party. Upon receipt of such written re-designation, Counsel of record shall (i) affix the appropriate legends on the re-designated Material in accordance with Paragraph 21; (ii) if the Receiving Party has disclosed the Material before receiving the re-designation, the Receiving Party shall notify the Designating Party in writing of each such prior disclosure; (iii) not make any further disclosure or communication of such re-designated Material except as provided for in this Order; (iv) at the re-designating Party's expense take reasonable steps to notify any persons known to have possession of any re-designated Material of the effect of such re-designation under this Order; and (v) at the re-designating Party's expense take reasonable steps to reclaim any re-designated Material in the possession of any persons not permitted access to such Material under the terms of this Order.

**Effects Of Complying With Terms Of Protective Order**

43. Entering into, agreeing to produce, or receiving Material designated under, or otherwise complying with, the terms of this Order shall not:

    a. bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Protected Material, provided that the contents of the information shall not be disclosed.

    b. Operate as an admission by any person that any particular Protected Material contains or reflects trade secrets and/or any other type of confidential information;

    c. Operate as an admission by any person that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular Protected Material;

    d. Prejudice in any way the rights of any person to object to the production of documents it considers not subject to discovery;

    e. Prejudice in any way the rights of any person to object to the authenticity or admissibility into evidence of any Material subject to this Order;

    f. Prejudice in any way the rights of any person to seek a determination by the Court whether any Material should be subject to the terms of this Order;

    g. Prejudice in any way the rights of any person to petition the Court for a

further protective order relating to any purportedly Protected Material;

   h. Prevent the designating person from agreeing in writing, or on the record during a deposition or hearing in this Action, to alter or waive the provisions or protections provided for herein with respect to any particular Material; or

   i. Prevent the Court from modifying this Order.

### Subpoenas In Other Actions And Proceedings

44. If any Party (a) is subpoenaed in another action or proceeding; (b) is served with a demand in another action or proceeding to which it is a Party; or (c) is served with any other legal process by a non-party seeking Protected Material by someone other than that non-party, the Party shall give written notice by facsimile transmission immediately, and in no event more than one business day of receipt of such subpoena, demand or other legal process to the person that so designated the Material.  Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the Material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.  The Party shall also object to the Material's production to the extent permitted by law and/or cooperate with the Designating Party in making such an objection.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

45. After notice that a non-party is seeking production of Protected Material, the person objecting to disclosure of the Material shall bear the reasonable costs including attorneys' fees of resisting production. Except for objecting to the Material's production to the extent permitted by law and/or cooperating with the Designating Party in making such an objection (as referenced above), nothing herein shall be construed as requiring the Party to challenge, appeal or otherwise oppose enforcement of any proper subpoena or inspection demand requiring production of Material covered by this Order or to subject itself to any penalties for

noncompliance with any legal process or order to seek any relief from the Court.

### Return or Disposal of Protected Material

46.   Within sixty days after the final termination of this action, including any and all appeals, Counsel for each Party shall, upon request of the Producing Party, return all Protected Material to the Party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the written direction of the Receiving Party, and shall purge all such information from all machine-readable media on which it resides. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding the foregoing, Counsel for each Party may retain all pleadings, briefs, memoranda, motions, transcripts, and other documents filed with the Court that refer to or incorporate Protected Material, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product Material that contains Protected Material need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

### Modification Of Order

47.   A Party may apply to the Court for an order to enforce or modify the terms of this Order, upon a showing of good cause, pursuant to the applicable rules of this Court.  Upon request the Court may award reasonable attorneys' fees to the prevailing Party in any application alleging a violation of the Order.

48.   Each Party and person bound by this Stipulated Protective order agrees that the Judge who has been assigned to handle this matter has jurisdiction to enforce the terms of this Stipulated Protective Order, and that such jurisdiction continues beyond the date this matter is concluded.

49.　This Order may be modified by agreement of the Parties, subject to approval by the Court.

50.　The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

### Notification

51.　Transmission by facsimile or email is acceptable for all notification purposes herein.

### Order Binding Upon Stipulation

52.　The terms of this Order shall be binding on the Parties from the time that all Parties' Counsel have signed the Stipulation, even if the Court has not yet signed the Order.

### Counterparts

53.　This stipulation may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one and the same instrument. Execution of a facsimile copy shall have the same force and effect as execution of an original.

**IT IS SO STIPULATED.**

DATED: February __, 2012        GREENBERG TRAURIG, LLP

By:_____
　　Kurt A. Kappes
　　Jennifer M. Holly
　　Attorneys for Plaintiffs, Pyro
　　Spectaculars, Inc.; Pyro
　　Spectaculars North, Inc.; and Pyro
　　Events, Inc.

Dated: February _____, 2012        SHERIDAN LAW CORPORATION

By:_____
　　Susan Sheridan
　　Heather Messenger
　　Counsel for Defendant,
　　Steven Souza

| | | |
|---|---|---|
| 1 | Dated: February _____, 2012 | HI-TECH FX |
| 2 | | By:_____ |
| 3 | | |
| 4 | | Name:_____ |
| 5 | | Title:_____ |
| 6 | Dated: February _____, 2012 | J & M Displays |
| 7 | | |
| 8 | | By:_____ |
| 9 | | Name:_____ |
| 10 | | |
| 11 | | Title:_____ |

Good cause appearing, IT IS SO ORDERED. The undersigned observes that the signed copy of the stipulation appears in the filed stipulation which preceded this order.

Dated: February 14, 2012        /s/ Gregory G. Hollows
_____
Honorable Magistrate Judge Hollows
Magistrate Judge of the United States District Court,
Eastern District of California

**EXHIBIT A**

| | |
|---|---|
| PYRO SPECTACULARS, INC.; PYRO SPECTACULARS NORTH, INC.; and PYRO EVENTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN SOUZA, <br><br> Defendant. | CASE NO.  2:12-CV-00299-KJM-GGH <br><br> **STIPULATED PROTECTIVE ORDER** |

I, _____, declare as follows:

1. My address is: _____

2. My present employer is: _____

3. My present job position is: _____

4. Pursuant to the Protective Order entered by the Court in this case ("Order"), I hereby acknowledge that I may receive CONFIDENTIAL INFORMATION designated under the Order, and I certify my understanding that such information is provided to me pursuant to the terms and restrictions of the Order.

5. I further state that I have been given a copy of, and have read the Order, that I am familiar with its terms, and I agree to comply with, and to be bound by, each of its terms, and that I agree to hold in confidence any information disclosed to me pursuant to the terms of the Order and to use such information solely for the purpose of this Action.

6. To assure compliance with the Order, I hereby submit myself to the jurisdiction of the Court, and any other Court having personal jurisdiction over me for the limited purpose of any proceedings relating to the performance under, compliance with, or violation of the Order.

7. I understand that I am to retain all of the Material that I receive which has been designated under the Order in a manner consistent with the Order, and that all such Material is to remain in my custody until I have completed my testimony or assigned duties in this matter.   I

1  further understand that, upon the completion of my testimony or assigned duties in this matter, all
2  Material is to be returned to the Counsel or Party by whom I have been provided such Material or
3  they are to be destroyed.  I also understand that any Material, memoranda, work notes, or other
4  documents derived from documents designated under the Order are to be delivered to Counsel or
5  Party by whom I have been provided are to be destroyed.  Such delivery or destruction shall not
6  relieve me from any of the continuing obligations imposed upon me by the Order.  I further agree
7  to notify any clerical personnel who are required to assist me of the terms of the Order.
8      8.    I declare under penalty of perjury that the foregoing is true and correct.
9  Signed at _____(city), _____ (state) on this _____ day of
10  _____, 20__.
11
12                              Signature: _____