IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PYRO SPECTACULARS
NORTH, INC. et al.,

      Plaintiffs,                     No. CIV S-12-0299 GGH

  v.

STEVEN SOUZA,

      Defendant.                   <u>ORDER</u>
_____/

        On February 3, 2012, plaintiffs Pyro Spectaculars, Inc.; Pyro Spectaculars North, Inc.; and Pyro Events, Inc ("PSI") filed the instant action against defendant, asserting claims for violation of the Computer Fraud and Abuse Act; violation of California Penal Code section 502; breach of contract; breach of loyalty; breach of the implied covenant of good faith and fair dealing; misappropriation of trade secrets; tortious interference with prospective economic relationship and economic advantage; unfair business practices; and conversion.  (Dkt. No. 2.) The background facts were set forth in detail in the court's previous orders (<u>see</u> dkt. nos. 7, 15) and will not be repeated here.

        On February 8, 2012, the court granted in part PSI's application for leave to conduct expedited discovery.  (Dkt. No. 15.)  The court permitted PSI's computer forensics

1

expert, Don Vilfer, to take mirror images and perform a forensic examination of all defendant's and defendant's wife's computers and other electronic storage media (including, without limitation, external hard drives, thumb drives, Iphones, Blackberrys, etc.), which are in their actual or constructive possession.  Defendant was ordered to make all such devices available to Mr. Vilfer at a designated date, time, and place pursuant to the terms of a stipulated protective order, and to file a declaration stating that all applicable devices were turned over and made available to Mr. Vilfer pursuant to the court's order and that there are no other applicable electronic storage media in their possession, custody, or control.  The court outlined a procedure and deadlines for review of the mirror images, identification of relevant documents and information, and designation of any privileged and/or "confidential" documents and information.  (See Dkt. No. 15 at 6-7.)  The court also permitted depositions of defendant and his wife and a Fed. R. Civ. P. 30(b)(6) deposition of PSI's person most knowledgeable.  (Id. at 7-8.)

On February 9, 2012, defendant provided two desktop computers (a Dell Inspiron 530S and HP Pavilion P62021), two IPhones, and an iPad for inspection by Mr. Vilfer, and mirror images of these devices were taken.

Subsequently, on February 16, 2012, PSI filed an application for an order to amend the court's previous expedited discovery order.  (Dkt. No. 23.)  PSI asserts that good cause exists to broaden the expedited discovery order, because defendant has allegedly obstructed key evidence necessary for PSI to determine what information defendant purportedly transferred prior to his resignation.  PSI points out that according to defendant's February 9, 2012 declaration filed in response to the court's previous order, defendant has destroyed a thumb drive and the original hard drives from his Dell Inspiron and HP Pavilion personal computers.  Defendant asserted that he destroyed these devices prior to retaining counsel and believed that he was complying with a January 23, 2012 cease and desist letter from PSI.[1]  According to PSI,

---

[1] PSI disputes defendant's interpretation of its January 23, 2012 cease and desist letter.

2

forensic examination of the Dell Inspiron and HP Pavilion computers revealed that their hard drives were recently replaced on January 18 and January 28, 2012.  Furthermore, although defendant did not provide any external hard drives or thumb drives for inspection and imaging, forensic examination also showed that a Hitachi USB thumb drive, identified previously as having been attached to defendant's PSI-assigned computer on January 14, 2012, was also connected to the HP Pavilion computer at 8:08 p.m. on February 8, 2012; after the February 7, 2012 hearing, the court's February 8, 2012 order, and hours before the February 9, 2012 inspection.  PSI contends that defendant has not accounted for the whereabouts of this thumb drive, as well as the Western Digital external hard drive and several other thumb drives that were previously identified as having been attached to defendant's PSI-assigned laptop during Mr. Vilfer's initial investigation.  Finally, PSI argues that defendant, according to his declaration, only provided "personal" electronic storage media for inspection, and not all electronic storage media in his or his wife's actual or constructive possession in accordance with the court's order.

       PSI requests the court to permit expanded expedited discovery, including Fed. R. Civ. P. 30(b)(6) depositions of defendant's new employer with document requests, mirror imaging of the new employer's hard drives, as well as other specific discovery requests to be directed to defendant.  PSI further requests that defendant be ordered to appear before this court for examination regarding all electronic storage devices in his possession, custody, and control, and to show cause why he allegedly destroyed evidence and violated court orders.  PSI contends that, due to defendant's alleged obstruction of evidence, expanded expedited discovery is needed to assess the full extent of irreparable harm to PSI and to support a preliminary injunction motion.

       In light of the above, the court will set a hearing on this matter for Thursday, February 23, 2012 at 10:00 a.m. in courtroom 9 before the undersigned.  Defendant shall file any opposition by Tuesday, February 21, 2012 at 12:00 p.m.  In addition to considering the need for expanded expedited discovery, the court will also consider the propriety of an in-court

examination or evidentiary hearing regarding the alleged destruction of evidence by defendant.

Finally, PSI also requests clarification of the court's February 8, 2012 order with respect to inspection of the mirror images. PSI wishes to clarify whether counsel for PSI may also inspect the mirror images or inspect the documents Mr. Vilfer identifies on the mirror images as relevant in order to create an itemized list of relevant documents for defendant's counsel. The court's order provided that "Mr. Vilfer, *in consultation with PSI's counsel*, shall then review the mirror images off-site for information relevant to this litigation." (Dkt. No. 15 at 7.) Given that the mirror images are subject to the stipulated protective order, PSI's counsel may inspect the mirror images and/or the documents Mr. Vilfer identifies as relevant to create the itemized list to be provided to defendant's counsel. Indeed, such review was contemplated by the order. Defendant's counsel will then have an opportunity to designate any of the itemized documents or information as privileged, as outlined in the court's prior order.[2]

Accordingly, IT IS HEREBY ORDERED THAT:

1. PSI's application to amend the court's expedited discovery order is set for hearing on Thursday, February 23, 2012 at 10:00 a.m. in Courtroom 9 before the undersigned.

2. Any opposition to the application shall be filed no later than Tuesday, February 21, 2012 at 12:00 p.m.

DATED: February 17, 2012

　　　　　　　　　　　　　　　　　　　/s/ Gregory G. Hollows
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Pyro.299.exp.disc2.wpd

---

[2] However, it goes without saying that PSI's counsel must cease to review a document or particular information, even prior to any privilege designation by defendant's counsel, if it becomes clear after an initial review that the particular document or information is privileged.

4