1

2

3

4

5         IN THE UNITED STATES DISTRICT COURT

6      FOR THE EASTERN DISTRICT OF CALIFORNIA

7  PYRO SPECTACULARS
   NORTH, INC. et al.,
8

9              Plaintiffs,                No. CIV S-12-299 GGH

10       v.

11  STEVEN SOUZA,

12
               Defendant.                 ORDER
13  _____/

14           On March 5, 2012, plaintiffs Pyro Spectaculars, Inc.; Pyro Spectaculars North,

15  Inc.; and Pyro Events, Inc. ("PSI") filed a motion for a preliminary injunction along with a

16  request to file documents under seal.  (Dkt. No. 41.)  In particular, plaintiffs request to seal

17  excerpts and exhibits from the depositions of defendant Steven Souza and defendant's wife

18  Sherry Souza, which constitute Attachments A and B to the Declaration of Jennifer M. Holly in

19  support of plaintiffs' motion for a preliminary injunction.  (Dkt. Nos. 39, 41.)  These documents

20  comprise 311 pages total and have been consecutively numbered from 1-311.

21           Based on the "strong presumption of access to judicial records," parties requesting

22  to seal judicial records pertaining to dispositive motions bear the burden of overcoming the

23  presumption by meeting the "compelling reasons" standard.  Kamakana v. City and County of

24  Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006); Pintos v. Pac. Creditors Ass'n, 605 F.3d 665,

25  678-79 (9th Cir. 2010).  The Ninth Circuit explained that "the resolution of a dispute on the

26  merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the

1

1  public's understanding of the judicial process and of significant public events." <u>Kamakana</u>, 447

2  F.3d at 1179 (internal quotations omitted).  By contrast, "the public has less of a need for access

3  to court records attached only to non-dispositive motions because those documents are often

4  unrelated, or only tangentially related, to the underlying cause of action." <u>Id</u>. (internal quotations

5  omitted).

6         The Ninth Circuit has not decided whether a motion for a preliminary injunction

7  constitutes a dispositive motion for purposes of sealing court records, and district courts within

8  the Ninth Circuit are divided on the issue. <u>See</u> <u>Selling Source, LLC v. Red River Ventures, LLC</u>,

9  2011 WL 1630338, at *4 (D. Nev. Apr. 29, 2011) (dispositive); <u>Dish Network, LLC v.</u>

10 <u>Sonicview USA, Inc.</u>, 2009 WL 2579052, at *1 (S.D. Cal. Aug. 20, 2009) (dispositive); <u>In re</u>

11 <u>Nat'l Sec. Agency Telecomm. Records Litig.</u>, 2007 WL 549854, at **3-4 (N.D. Cal. Feb. 20,

12 2007) (not dispositive).  In <u>In re Nat'l Sec. Agency Telecomm. Records Litig.</u>, the court drew a

13 distinction between a motion that determines the "resolution of a dispute on the merits" and one

14 that merely involves "consideration" of the merits.  <u>In re Nat'l Sec. Agency Telecomm. Records</u>

15 <u>Litig.</u>, 2007 WL 549854, at *3.  That court held that "a preliminary injunction motion is not

16 dispositive because, unlike a motion for summary adjudication, it neither resolves a case on the

17 merits nor serves as a substitute for trial." <u>Id</u>. at *4.  However, in <u>Dish Network, LLC</u>, the court

18 held that a motion for a preliminary injunction is dispositive for purposes of sealing court

19 records, because it "directly addresses the merits of the action and seeks injunctive relief before

20 trial." <u>Dish Network, LLC</u>, 2009 WL 2579052, at *1.  It further noted that motions for injunctive

21 relief are recognized as dispositive in other contexts.  <u>Id</u>. (citing 28 U.S.C. § 636(b)(1)).

22        This court finds the reasoning in <u>Dish Network, LLC</u> persuasive.  Indeed, requests

23 for injunctive relief involve "significant discussion of the merits of the case and provide the

24 public an insight into how the court evaluates the merits of the action." <u>Selling Source, LLC</u>,

25 2011 WL 1630338, at *5.  Unlike non-dispositive motions, motions for a preliminary injunction

26 usually do not involve documents that are unrelated or only tangentially related to the underlying

1    causes of action.  Accordingly, plaintiffs must show compelling reasons to seal materials

2    attached to their motion for a preliminary injunction.

3          "Under the compelling reasons standard, a district court must weight relevant

4    factors, base its decision on a compelling reason, and articulate the factual basis for its ruling,

5    without relying on hypothesis or conjecture." <u>Pintos</u>, 605 F.3d at 679 (internal quotations

6    omitted).  "Relevant factors include the public interest in understanding the judicial process and

7    whether disclosure of the material could result in improper use of the material for scandalous or

8    libelous purposes or infringement upon trade secrets." <u>Id</u>. at n.6 (internal quotations omitted).

9          The court has reviewed the deposition transcripts and exhibits proposed to be

10    sealed and finds that only document nos. 51, 79-81, 86-94, 96, 103-110, 113-17, and 308-311

11    may be sealed under the compelling reasons standard outlined above.  These documents contain

12    the names of customers, contact persons, passwords, and/or details about employee

13    compensation and commission structure that are related to the parties' proprietary business

14    operations and potential trade secrets.  When such material is submitted, there are compelling

15    reasons to seal it, because possible infringement of trade secrets or misuse of such proprietary

16    information outweighs the general public interest in understanding the judicial process.

17          However, the court finds that the remaining documents do not warrant sealing,

18    because they do not include trade secret or other proprietary business information.  For example,

19    PSI proposes to seal all versions of its employee handbook, which contains generic information

20    regarding vacation, overtime, harassment in the workplace, etc., and is distributed to all

21    employees upon hire.  PSI also proposes to seal copious pages of deposition testimony without

22    any specific reference to customers, customer contacts, specific financial information, etc.  This

23    is not the type of information for which compelling reasons to seal exist.  Moreover, it is

24    improper to simply designate all excerpts of a deposition transcript and exhibits for sealing

25    without limiting the scope to specific pages and exhibits containing trade secret and proprietary

26    information.  This resulted in significant waste of the court's time and resources.  The parties are

hereby put on notice that any future requests to file documents under seal shall specifically and narrowly limit the exact pages and documents proposed to be sealed.  Failure to do so will result in denial of the request to seal.

In light of the above, IT IS HEREBY ORDERED THAT:

1.  PSI's request to file documents under seal (dkt. no. 41) is granted in part and denied in part.  The request is granted with respect to document nos. 51, 79-81, 86-94, 96, 103-110, 113-17, and 308-311 and denied in all other respects.

2.  PSI shall submit a PDF copy of the documents covered by this sealing order in accordance with E.D. Cal. L.R. 141(e)(2)(i) within three (3) days of this order.  The Clerk of Court is hereby directed to file such documents under seal once received.

3.  PSI shall file in the public record a supplemental declaration of Jennifer M. Holly in support of its motion for preliminary injunction, attaching the unsealed portions of the deposition transcripts and exhibits in accordance with this order, within three (3) days of this order.

4.  Pursuant to E.D. Cal. L.R. 141(b), PSI should have submitted a self-addressed, stamped envelope to the Clerk of Court for the return of the paper documents previously submitted in regards to the request to file documents under seal, whereupon the Clerk of Court would return the paper documents to PSI's counsel via mail.  Since no stamped envelope was presented, counsel for plaintiff shall make arrangements to pick up the documents in chambers.

DATED: March 8, 2012

_/s/ Gregory G. Hollows_
UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Pyro.299.pi.seal.wpd

4