IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PYRO SPECTACULARS
NORTH, INC. et al.,

       Plaintiffs,                  No. CIV S-12-0299 GGH

      v.

STEVEN SOUZA,

       Defendant.                <u>ORDER</u>

                                    /

       Presently pending before the court is plaintiffs Pyro Spectaculars, Inc.; Pyro Spectaculars North, Inc.; and Pyro Events, Inc.'s ("PSI") motion for a preliminary injunction, which came on for hearing before the undersigned on March 15, 2012. (Dkt. No. 34.) After considering the papers in support of and in opposition to the motion and the parties' oral argument, the court finds it appropriate to issue an interim injunctive order pending issuance of a final order on the motion for preliminary injunction.

       For reasons which will be more fully expressed in a subsequent order and memorandum, and for the purpose of preliminary injunctive relief *at this time*, the court finds a fair probability that defendant Steven Souza and others unlawfully acquired PSI trade secret information and funneled such information to his new employers identified in the paragraphs

1

below.  The court further finds the probability that PSI will suffer irreparable harm if defendant Steven Souza, and those acting in active concert or participation with him, are not restrained from utilizing PSI's trade secret information in their business activities.  The court further finds for purposes of preliminary injunctive relief that the balance of hardships tips in PSI's favor, and that the public interest favors the issuance of preliminary injunctive relief.

The court further finds that substantial evidence exists that defendant Steven Souza's wife, Sherry Souza, and new employers, Hi-Tech FX, LLC and J&M Displays, were acting in active concert and participation with defendant Steven Souza in accessing, obtaining, and/or using information from PSI documents and databases, including PSI's Booking Form program.  (See e.g. Deposition of Steven Souza, Dkt. No. 46, at 110:15-112:14; Deposition of Mark Johnson, Dkt. No. 66-1, at 86:11-94:15.)  Based on the record before it, there are also strong indicators that defendant Souza has not turned over all copies of PSI documents, databases, and information that he has in his or his wife's actual or constructive possession or that were distributed to his new employers Hi-Tech FX, LLC and J&M Displays.

In light of the above, IT IS HEREBY ORDERED THAT:

1. No later than March 21, 2012, defendant Steven Souza shall deliver to chambers all copies[1] of any PSI documents, databases, and information[2] in his or his wife's

---

[1] For purposes of this order, "copies" shall include all originals and copies, regardless of how they are maintained, including, but not limited to, hard paper copies, electronic copies, CDs, DVDs, thumb drives, etc.  To the extent copies are located on a bulky item, such as a computer, the bulky item need not be produced.  Instead, the copy may be converted into and produced in a convenient format (such as paper copies, or a DVD or thumb drive containing the information in a readable, searchable format), provided that the remnants of the copy on the bulky item in the possession of defendant Souza et al., shall thereafter be completely and permanently destroyed.

[2] For purposes of this order, "information" shall include any documents, databases, lists, e-mails, proposals, etc. derived from PSI documents, databases, and information.  "Information" also includes any recorded characterization, summary, and distillation of any kind of information derived from PSI documentation.  "Information" does not include any documentation that defendant Souza and the entities set forth above have acquired entirely independent of PSI documentation utilized by defendant Souza, or funneled by defendant Souza, to the entities listed above.

actual or constructive possession, as well as copies of any PSI documents, databases, and information that were distributed to his new employers Hi-Tech FX, LLC and J&M Displays,[3] that have not already been returned to PSI.  Thereafter, any copies or remnants of copies in the actual or constructive possession of the above persons/entities that have already been returned to PSI shall be completely and permanently destroyed.[4]

       2.  No later than March 21, 2012, defendant Steven Souza shall file a declaration, under penalty of perjury, stating that he has provided a copy of this order to all appropriate Hi-Tech FX, LLC and J&M Displays officers and employees, that he has discussed the requirements of this order with them, and that they have turned over all copies of PSI documents, databases, and information to him in Hi-Tech FX, LLC and J&M Displays's actual or constructive possession for production to chambers pursuant to this order.

       3.  In his declaration, defendant Steven Souza shall also certify that no copies of PSI documents, databases, and information remain in his or his wife's actual or constructive possession, or the actual or constructive possession of Hi-Tech FX, LLC and J&M Displays.

       4.  In his declaration, defendant Steven Souza shall state whether any PSI documents, databases, or information were distributed or transferred by himself, Sherry Souza, Hi-Tech FX, LLC, or J&M Displays to any other third party.  If so, and subject to the exception in footnote 4, defendant Steven Souza shall certify that all copies of such documents, databases, or information were reacquired from the third party and produced pursuant to this order.

       5.  The declaration to be filed by defendant Souza shall include substantially the same language as outlined in this order.

---

[3] For purposes of this order, this shall include any officers or employees of Hi-Tech FX, LLC and J&M Displays, including but not limited to Mark Johnson and Brian Panther.

[4] The one exception to the destruction order, but not disclosure/production to chambers, are proposals which have been already and actually communicated to customers of Souza, J&M, or High-Tech FX. Nothing in this exception shall be used as a reason for Souza et al. to forward any future proposals to customers utilizing PSI Information.

1       6. Defendant Souza and those who have been identified as working in
2 participation or concert with defendant Souza, shall not transmit any proposals for business to
3 any present or potential customer utilizing any PSI information described in this order.
4       6. Nothing in this interim preliminary injunctive relief order shall preclude this
5 court when issuing a final preliminary injunctive relief order from modifying, supplementing, or
6 otherwise changing the terms of this interim order.
7       In sum, the purpose of this interim order is to collect all PSI documented
8 information in the actual or constructive possession of defendant Souza, or those acting in
9 concert with him or in active participation with him, and then to ensure that remnants of such
10 information are not available to defendant Souza or those acting in concert with him or in active
11 participation with him for further use in their business activities.
12 DATED: March 16, 2012

                 /s/ Gregory G. Hollows
               UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Pyro.299.tro.wpd

4