IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PYRO SPECTACULARS
NORTH, INC. et al.,

     Plaintiffs,　　　　　　　No. CIV S-12-0299 GGH

  v.

STEVEN SOUZA,

     Defendant.　　　　　　　<u>ORDER</u>
_____/

     On March 14, 2012, plaintiffs Pyro Spectaculars, Inc.; Pyro Spectaculars North, Inc.; and Pyro Events, Inc. ("PSI") filed a request to file documents under seal submitted in support of its application for a temporary restraining order[1] and application for leave to amend its complaint. (Dkt. Nos. 78.) In particular, plaintiffs request to seal excerpts and exhibits from the deposition of Mark Johnson, which constitute part of Exhibit A to the Declaration of Kurt A. Kappes filed on March 13, 2012. (Dkt. Nos. 66, 78.) These documents comprise 423 pages total and have been consecutively numbered from 312-734.

\\\\\

---

[1] The court has since denied PSI's ex parte application to hear a motion for a temporary restraining order. (<u>See</u> Dkt. No. 71.)

1

1         Based on the "strong presumption of access to judicial records," parties requesting to seal judicial records pertaining to dispositive motions bear the burden of overcoming the presumption by meeting the "compelling reasons" standard. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006); Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678-79 (9th Cir. 2010). The Ninth Circuit explained that "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." Kamakana, 447 F.3d at 1179 (internal quotations omitted). By contrast, "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." Id. (internal quotations omitted).

        In its previous sealing order, the court extensively discussed the reasons for treating a preliminary injunction motion as a dispositive motion for purposes of sealing documents. (See Dkt. No. 43.) Here, the documents proposed to be sealed were submitted, at least in part, in support of an application for a temporary restraining order and also strongly relate to PSI's pending motion for a preliminary injunction. Indeed, these documents very much involve the merits of PSI's claims for misappropriation of trade secrets, unfair business practices, etc. Accordingly, the court finds that the compelling reasons standard applies here.

        "Under the compelling reasons standard, a district court must weigh relevant factors, base its decision on a compelling reason, and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Pintos, 605 F.3d at 679 (internal quotations omitted). "Relevant factors include the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Id. at n.6 (internal quotations omitted).

        The court has reviewed the deposition transcript excerpts and exhibits proposed to be sealed and finds that compelling reasons exist to seal these documents. These documents

contain the names of customers, contact persons, financial information, detailed bids and proposals, and contracts that are related to the parties' proprietary business operations and potential trade secrets. When such material is submitted, there are compelling reasons to seal it, because possible infringement of trade secrets or misuse of such proprietary information outweighs the general public interest in understanding the judicial process.

In light of the above, IT IS HEREBY ORDERED THAT:

1. PSI's request to file documents under seal (dkt. no. 78) is granted.

2. PSI shall submit a PDF copy of the documents covered by this sealing order in accordance with E.D. Cal. L.R. 141(e)(2)(i) within three (3) days of this order. The Clerk of Court is hereby directed to file such documents under seal once received.

3. The Clerk of Court is directed to return the paper copies of the documents to be sealed to PSI's counsel via mail using the self-addressed, stamped envelope submitted along with the request to file documents under seal pursuant to E.D. Cal. L.R. 141(b).

DATED: March 16, 2012

    /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Pyro.299.pi.seal2.wpd