1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10    PYRO SPECTACULARS
      NORTH, INC. et al.,

11

12              Plaintiffs,                    No. CIV S-12-0299 GGH

13         v.

14    STEVEN SOUZA,

15

16              Defendant.              ORDER
      _____/

17         Presently pending before the court is PSI's application for leave to amend its

18    complaint, filed on March 13, 2012.  (Dkt. No. 68.)  The court heard argument regarding PSI's

19    application at the March 15, 2012 hearing on PSI's motion for a preliminary injunction, after

20    which the application was taken under submission.  (Dkt. No. 93.)

21         Generally, leave to file an amended complaint should be freely given when justice

22    so requires.  Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme liberality."

23    Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation

24    omitted).  As the U.S. Supreme Court noted:

25              In the absence of any apparent or declared reason-such as undue
                delay, bad faith or dilatory motive on the part of the movant,
26              repeated failure to cure deficiencies by amendments previously

                                            1

1    allowed, undue prejudice to the opposing party by virtue of
     allowance of the amendment, futility of the amendment, etc. - the
2    leave sought should, as the rules require, be "freely given."

3  Foman v. Davis, 371 U.S. 178, 182 (1962).

4          However, on February 8, 2012, the court ordered that "no further joinder of parties

5  or amendment to pleadings is permitted except with leave of court, good cause having been

6  shown." (Dkt. No. 15.)  This requirement was also incorporated into the court's March 16, 2012

7  pre-trial scheduling order.  (Dkt. No. 93.)  Accordingly, PSI must show good cause for seeking

8  leave to amend its complaint.

9          The court concludes that the requisite good cause exists to allow amendment of

10 PSI's complaint.  PSI essentially contends that defendant Steven Souza misappropriated PSI

11 trade secret and proprietary information and fed this information to his new employers to enable

12 them to more effectively solicit PSI's customers.  As such, PSI proposes to add defendant

13 Souza's new employers, Hi-Tech FX, LLC and J&M Displays, as well as two of their individual

14 officers and/or employees, Mark Johnson and Brian Panther, as defendants.

15         The court has already found that substantial evidence exists, for purposes of the

16 preliminary injunction entered, that Hi-Tech FX, LLC, J&M Displays, Mark Johnson, and Brian

17 Panther were acting in concert and in active participation with defendant Steven Souza in

18 accessing, obtaining, and/or using information from PSI documents and databases, including

19 PSI's Booking Form Program.  (See e.g. Steven Souza Depo 110:15-112:14, Dkt. No. 46 at 4-6;

20 Deposition of Mark Johnson, 86:11-94:15, Dkt. No. 66-1 at 15-23.)  PSI proposes to assert the

21 same claims against these entities and individuals as against defendant Steven Souza, and the

22 claims arise from the same events challenged in PSI's original complaint, i.e. the alleged

23 conversion and misappropriation of PSI trade secrets and proprietary information.  Because the

24 same questions of law and fact are implicated, it would be more efficient to hear these claims in a

25 single action.  Moreover, given that the proposed defendants are already bound by the terms of

26 the preliminary injunction entered, joinder of these entities and individuals as defendants would

1    allow them to defend their interests more effectively as parties to the action.

2           Furthermore, there is no indication that leave to amend at this junction would

3    result in undue prejudice to any party.  This case was only filed on February 3, 2012, and

4    although significant expedited discovery has already been conducted in connection with the

5    preliminary injunction proceedings, the court's recent pretrial scheduling order allows discovery

6    to be conducted until November 29, 2012, and trial has only been set for April 2013.  (Dkt. No.

7    93.)  Additionally, there is no evidence of bad faith on the part of PSI in seeking leave to amend

8    and the proposed amendment is not futile.  Although it is unclear why the proposed defendants

9    were not named as defendants at the outset of the litigation, the court cannot say that PSI has

10   unduly delayed joining them as defendants.  Therefore, good cause having been shown, leave to

11   amend will be granted.

12          Finally, on April 9, 2012, PSI filed a request to inspect the documents that

13   defendant Souza filed with the court in compliance with the court's March 16, 2012 order.  (See

14   Dkt. No. 92.)  That order stated, in part, that:

15          No later than March 21, 2012, defendant Steven Souza shall
            deliver to chambers all copies of any PSI documents, databases,
16          and information in his or his wife's actual or constructive
            possession, as well as copies of any PSI documents, databases, and
17          information that were distributed to his new employers Hi-Tech
            FX, LLC and J&M Displays, that have not already been returned to
18          PSI.  Thereafter, any copies or remnants of copies in the actual or
            constructive possession of the above persons/entities that have
19          already been returned to PSI shall be completely and permanently
            destroyed.
20

21   (See Dkt. No. 92 at 2-3.)  Given that these documents all relate to PSI databases and information

22   that are relevant to the claims in this litigation, PSI's request will be granted.

23   CONCLUSION

24          Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED THAT:

25          1.  PSI's application for leave to amend its complaint (dkt. no. 68) is GRANTED.

26   PSI shall file and serve a first amended complaint within 14 days of this order.  The additional

                                                  3

defendants shall respond to the first amended complaint within 21 days of service.

        2.  The additional defendants shall, within 21 days of service with the first amended complaint, file a statement indicating whether they consent to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).[1]

        3.  PSI's request to inspect the documents defendant Souza filed with the court pursuant to the court's March 16, 2012 order (dkt. no. 105) is GRANTED.  PSI's counsel shall be permitted to inspect and copy the documents at the courthouse and retain a copy of such documents for its files.  PSI's counsel shall contact chambers to arrange a mutually convenient time for the inspection.

DATED: April 11, 2012

                         /s/ Gregory G. Hollows
                       UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Pyro.299.amend.wpd

---

[1] Because all present parties consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c), the case has been proceeding as a consent case.  In the event that any of the additional defendants do not consent to the jurisdiction of the undersigned, the case will be reassigned to the Honorable Kimberly J. Mueller as presiding judge.  However, given the amount of work performed thus far in this case by the undersigned, it is foreseeable  that the district judge would nevertheless refer the matter to the undersigned for all pre-trial proceedings, with dispositive matters to be resolved by findings and recommendations to the district judge.